CHARLES W. BROWN *vs.* BRICE S. EVANS.

Arbitrators under a statute submission have no authority to award that one of the parties shall transfer to the other a specific article of personal property.

An award by arbitrators under a statute submission that one of the parties shall recover of the other a certain sum of money, and transfer to him a specific article of personal property, is wholly invalid.

MERRICK, J. The parties, in pursuance of the provisions of the statute by which such proceedings are regulated, (Gen. Sts. *c.* 147,) submitted all matters of difference between them and all demands which either had against the other under the written instrument dated June 6th 1860 * to arbitrators, who afterwards

* This was an agreement reciting that Joseph W. Cox had conveyed to William R. Bagnall and Oliver Kimball knowledge of a process of curing native india rubber, and that Brown had obtained letters patent for a machine invented

made their award, and returned it in due season to the superior court. The award was there rejected, and judgment rendered in behalf of Evans. From that judgment Brown appealed to this court, and now moves that the award be accepted.

This motion is resisted by Evans, who assigns as one of several reasons for the rejection of the award that the arbitrators in making it exceeded their power and authority, by awarding that Brown should convey to him " the undivided half part of the machine made by said Brown for cutting rubber threads or making shirred or corrugated rubber goods ; also one half of said Brown's interest in the patent right for rotary cutting shears, issued to said Brown by letters patent dated May 22, A. D. 1860, with all the rights thereto appertaining, which shall be in full of all claims of said Evans against said Brown."

But the arbitrators further and also awarded that said Brown recover of said Evans " the sum of $2055.85, which shall be in full of all claims of said Brown against said Evans, submitted to us ; " and Brown contends that, the award being in this respect perfectly good, and plainly within the scope of authority conferred upon the arbitrators, it ought to be accepted for the sum found due to him, although in other respects it is erroneous and objectionable. And undoubtedly it is the well settled rule, that if the thing awarded to be done which is bad, as being beyond the submission, forms no part of the consideration for or element in the performance of that which is good, as being within the submission, but is wholly distinct and independent thereof, then the award can be separated, and the bad part rejected, and that which is good held valid and binding on the parties. *Shearer* v. *Handy,* 22 Pick. 417. *Barrows* v. *Capen,*

---

by him for cutting rubber sheet into threads, and that Evans proposed to furnish capital for manufacturing shirred or corrugated goods, and stipulating that within six months Brown should make a machine under his patent, and also other machines adapted to the manufacture of those goods, and that a joint stock company should be formed for carrying on the business by all of said parties except Cox, and that Brown should convey to the said company his machine and machinery, when made, and the exclusive right to use his letters patent for a term of years, and that Evans should pay to Brown $5000, together with other stipulations, not now material.

11 Cush. 37. But this rule is inapplicable to the facts in the present case ; for although there are two separate and distinct clauses in the award, they are not independent, but are intimately connected, and the one necessarily furnishes some part of the consideration of the other. Upon the mere striking of the balance of their respective claims and demands, there could not have been found due to Brown the amount awarded to him, because there was a certain sum due to Evans for which, according to the award, he is to receive compensation or payment in the conveyance of the machine and the assignment of the interest of Brown in the letters patent. What is the value of that machine and of that interest is not shown. It must to some extent have reduced the amount due to Brown, and it may have been sufficient, or more than sufficient, to overcome the whole of it. Unless, therefore, that part of the award which requires him to convey that machine and that interest to Evans is valid and effectual, he cannot be entitled to and ought not to have judgment for the sum awarded to him.

The question, therefore, necessarily recurs upon the validity of the objection, that the award itself shows that in making it the arbitrators exceeded their authority. Whatever authority they had is derived wholly from the statute. By Gen. Sts. *c.* 147, § 10, it is provided that the superior court shall have cognizance of the award in the same manner, and may proceed thereon, as if it had been made by referees appointed by a rule of court, and may accept or reject it or recommit it to the same arbitrators for a rehearing ; and when accepted and confirmed by the court, judgment shall be rendered as upon a like award made by referees under such rule. This court upon an appeal have the like and no other power. § 12. It is a necessary and unavoidable implication from these provisions that no award can be made by arbitrators upon a submission under and in pursuance of the statute, which could not be made under a rule of the superior court in an action pending therein, and within its jurisdiction, and upon which it could not render a final and effectual judgment. To enforce or carry into effect an award that one of the parties shall transfer and convey to the

other any specific chattel or article of property, or any interest in letters patent or other franchise, would require a decree for specific performance. But no such authority was here conferred upon the superior court. And although it is invested in general terms with power to make and award all such judgments, decrees, orders and injunctions, and to issue all such writs and processes, and to vary the usual and common forms of executions, whenever and so far as it may be necessary or proper to carry into effect the powers granted to it, the authority is limited to what is proper and essential for that purpose. Gen. Sts. *c.* 115, § 3 ; *c.* 133, § 20. Its jurisdiction is conferred and prescribed by positive provisions of law, and does not extend to suits and proceedings in equity, of which, in general, and particularly in reference to the enforcement of specific performance of written contracts, the supreme judicial court is to take exclusive cognizance. Gen. Sts. *c.* 114, § 3 ; *c.* 113, § 2. And therefore the former cannot enter any judgment or make any decree which is not adapted and suitable to the nature of the suit or action of which it may lawfully take jurisdiction. It cannot render a judgment for specific performance in a civil action ; and for that reason it can make no decree to that effect upon an award, whether made upon a submission under the statute or under a rule of the court.

In the case of *Day* v. *Laflin,* 6 Met. 280, the arbitrators awarded that they found due from Field to Laflin the sum of $1229.66, and that the note of said Field held by said Laflin for $2000, " has been indorsed down to the said sum of $1229.66, which note, thus indorsed down, is the amount of our award." This award was accepted by the court of common pleas and judgment entered upon it. It is said by the court that such an award is inconsistent with the idea that judgment is to be rendered by the court for so much money, and an execution to issue therefor; and the judgment rendered was held to be unauthorized by law, and was accordingly reversed.

This case of *Day* v. *Laflin* illustrates very clearly and satisfactorily the object and purpose of the provisions of the statute

conferring judicial power upon arbitrators, as well as the limitation and extent of their authority. That object was the cheap and speedy determination of civil causes, as is expressly declared in our earliest legislative enactment on the subject, *St.* 1786, c. 21, whereby there shall be an immediate reduction of the conflicting claims of the parties to a definite sum in favor of one of them, for which judgment may be rendered and execution issued ; and not that the award shall be the foundation of subsequent suits or proceedings, by which, for instance, a decree for specific performance may be obtained in a court of equity. And this also explains and defines the extent of the power and authority of such arbitrators. They are to find and report the balance for which, without further inquiry, investigation or proof, a final judgment may at once be rendered. See *Fletcher* v. *Webster*, 5 Allen, 566.

In the case of *Skillings* v. *Coolidge*, 14 Mass. 43, the referees awarded that the plaintiff recover of the defendant the sum of $13,000 ; but they then proceeded to state that the plaintiffs had in their possession certain property of the defendant, which he had transferred to them as security ; and they directed that said property should be sold without expense to him and the proceeds applied in payment of the sum awarded as due to the plaintiffs. The report was accepted by the court ; and the judgment rendered thereon was afterwards, upon a writ of error brought to reverse it, affirmed ; the court placing their decision upon the ground that the award as to the amount due was complete ; and that it was not necessary to consider the provision and direction respecting the said property of Skillings as any part of the report. And it was also further said that if the arbitrators had, under the particular circumstances enumerated, proceeded to set off that property, or its value, or what they supposed would be its eventual proceeds, against the amount found due to the plaintiffs, they would have exceeded their authority, and their award would have been bad.

But in view of the fact reported by the referees that the plaintiffs were in possession of certain property pledged to them to secure the payment of the balance found due, and as injustice

might be done to the debtor by enforcing under such circumstances immediate payment, it was said that it would have been perfectly proper in the court which rendered the judgment to have inhibited the issuing of an execution until a special order therefor. This appears to be the full extent to which this or any decision hitherto made has gone. The award must be entire and complete in itself, so that an effectual judgment which may be enforced by some appropriate legal process can be rendered upon it.

In the case of *Commonwealth* v. *Pejepscut Proprietors*, 7 Mass. 399, the effect of a judgment upon a conditional award, and consequently the power of referees to make such an award were somewhat considered and discussed. But that was not the main question before the court, and therefore the case cannot be considered decisive of it, or in that view of any great importance. An information was filed by the attorney general against the defendants for an alleged intrusion upon lands of the Commonwealth. They pleaded in bar a judgment upon an award of referees appointed under a rule of court, in their favor; to which the attorney general filed a replication that the award was upon a certain condition, and that the condition had not been performed. To this the defendants demurred. So that the real question to be determined was in reference to the sufficiency of the replication. Sedgwick, J. expressed his opinion that the conditional award and the judgment upon it were good. Parker, J., without exactly affirming that doctrine, held that the defendants could not avail themselves of the benefit of such an award without performance of the condition. And for these reasons the demurrer was overruled. Sewall, J. dissented. Even, therefore, upon the real question involved, the decision cannot be regarded as a precedent of the highest authority, and is of still less force in reference to the question concerning the power of the arbitrators, which does not appear to have attracted the special attention of the counsel or the court. But to whatever degree of consideration the case should be regarded as being entitled upon the latter question, it really cannot have any effect upon that which is here raised upon the objection of

Brown *v.* Evans.

Evans to the acceptance of this award; because in fact this award is not made upon or subject to any condition whatever. It is direct and positive in its terms, in relation to the rights of each of the parties; that is, it is an absolute award that Brown on the one side shall recover the certain sum named, and that Evans on the other shall be entitled to and shall have and recover the machine and the interest in the patent right specified and described, and that Brown shall make to him a conveyance and assignment thereof. And therefore this being absolute and unconditional, it is wholly immaterial in reference to the present case whether it is within the power and competency of arbitrators to make an award subject to any prescribed condition.

From these considerations, it appears that the arbitrators in this case exceeded their authority in awarding that the claim of Evans against Brown should be extinguished and discharged by the transfer of the machine and the assignment of the described interest in the patent right. And as this claim, if allowed to him, would certainly have reduced the amount to be recovered by Brown, and may have been of such magnitude as to prevent any recovery at all, it is apparent that the award is invalid, and ought to be rejected.

This conclusion renders it unnecessary to consider any other of the objections made to the award; and nothing therefore remains but to affirm the judgment of the superior court.

*Judgment of superior court affirmed.*

*N. Morse,* for the plaintiff.

*A. C. Clark,* for the defendant.